UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY M. STOOPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-603 RLM |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Jeffrey Stoops, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 16-01-09) where he was found guilty of use and/or possession of a cellular telephone or other wireless or cellular communications device in violation of Indiana Department of Correction policy A-121. The conduct report states:

> [o]n 01-04-2016 at approximately 11:50 pm I, Officer J. Le Grand, approached E239/240 to deliver a roll of toilet paper. When I looked into the cell, I saw Offender Stoops, Jeffrey #957156 quickly shove a cell phone into the waist band of his pants. When I entered the cell, offender Stoops immediately took the cell phone from his waist band and threw it into the toilet and flushed the toilet. At that time, I ordered offender Stoops to turn around and cuff up. Offender Stoops complied. I called yard staff to assist and began to escort the offender out of the cell. Both offender Stoops and I saw that the phone had not gone down the toilet when it was flushed. Offender Stoops kicked the flush valve of the toilet and was successful in flushing the cell phone. I escorted offender Stoops out of his cell and placed him on the wall. I started back to the cell to check if the phone was still in the toilet. At that time, offender Stoops ran into me in an attempt to force his way back into the cell to see if the phone had flushed.

ECF 1-1 at 2.

The disciplinary hearing officer at the Miami Correctional Facility heard the matter in January 2016. Mr. Stoops was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Mr. Stoops identifies two grounds in his petition. The respondent filed a Response to Order to Show Cause. The court has waited five months for Mr. Stoops to file a traverse, but he hasn't done so. The court considers this matter fully briefed.

In Ground One, Mr. Stoops argues that the conduct report and screening report identify the wrong date. The conduct report says the incident occurred on January 3, 2015. The body of the conduct report notes that the date of the incident was January 4, 2016. The screening report says it happened on January 14, 2015. The respondent didn't address the merits of this claim. Rather, the respondent argues that Mr. Stoops didn't raise the issue of the incorrect date during his administrative appeals, and so has waived the issue.

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in Markham v. Clark, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority ... [T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court ...

Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). The respondent is correct that Mr. Stoops failed to exhaust his administrative remedies with respect to Ground One. Mr. Stoops never raised the issue of the inaccuracy to the Final Reviewing Authority. Mr. Stoops is procedurally defaulted with respect to this claim. Nevertheless, the court will consider Ground One on the merits. *See* 28 U.S.C. § 2254(b)(2)("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Ground One doesn't warrant habeas corpus relief. The errors on the Conduct Report and Screening Report would implicate Mr. Stoops's due process rights only if the errors deprived him notice of the charges against him. See generally Wolff v. McDonnell, 418 U.S. 539 (1974). The body of the Conduct Report gave Mr. Stoops notice that the incident occurred on January 4, 2016 at 11:50 pm. He was served with notice of the charges shortly after the incident, on January 11, 2016. The conduct report, though imperfect, was sufficient to put Stoops on notice of the incident at issue. That Mr. Stoops didn't choose to raise this issue in the screening report, at his hearing, or on appeal, is further evidence that Mr. Stoops had sufficient notice, despite the technical error. Mr. Stoops isn't entitled to relief on Ground One.

In Ground Two, Mr. Stoops argues that the hearing officer had insufficient evidence on which to find him guilty. Mr. Stoops contends that he never possessed a cell phone and that there was no physical evidence to

3

support the finding of guilt. The respondent claims that the evidence was sufficient, and that Ground Two amounts to a request for this court re-weigh the evidence the hearing officer considered.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

A conduct report alone can be sufficient evidence to support a finding of guilt, McPherson v. McBride, 188 F.3d at 786, and this conduct report is sufficient. The Indiana Department of Correction defines offense A-121 as the "[u]nauthorized use or possession of any cellular telephone or other wireless or

4

cellular communications device." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The conduct report states that the reporting officer witnessed Mr. Stoops hide and repeatedly try to flush a cell phone. It was for the hearing officer, not this court, to make credibility determinations. McPherson v. McBride, 188 F.3d at 786. In light of the reporting officer's eye-witness evidence, it was not arbitrary or unreasonable for the hearing officer to find Mr. Stoops guilty.

For the reasons set forth above, the petition (ECF 1) is DENIED. The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: May  4 , 2017             /s/ Robert L. Miller, Jr.
                                    Judge
                                    United States District Court

5